UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MALLORY ADDINGTON, ET AL. | CIVIL ACTION NO. 18-1116 LEAD |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BAYOU DORCHEAT CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

### ORDER

Now before the Court is an appeal from the Magistrate Judge's order regarding Plaintiffs' motion to amend the complaint [Record Document 60] and a Motion for Summary Judgment [Record Document 40], both filed by Defendants Sheriff Gary Sexton and Warden John Lewis (collectively, "Defendants"). For the reasons that follow, the Magistrate Judge's order is **AFFIRMED** and Defendants' Motion for Summary Judgment is **DENIED without prejudice to the right to refiling**. Further, this matter is **REFERRED** to the Magistrate Judge for a scheduling conference and the entry of a new scheduling order.

I. **Appeal of Magistrate Judge's Order**

Plaintiffs filed a motion to amend the complaint in which they sought to add additional defendants whom Plaintiffs allege are directly responsible for the decedent's death. Record Document 49. The Magistrate Judge granted the motion to amend over Defendants' opposition. Record Document 57. Defendants appealed the Magistrate Judge's decision to this Court, arguing that the Magistrate Judge failed to analyze the motion to amend under the proper legal standard. Record Document 60. For the reasons discussed below, the Magistrate Judge's order is **AFFIRMED**.

1

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order on a motion to amend is considered a non-dispositive matter. *See id.*; *Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See id.* Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed *de novo*. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

Having reviewed Plaintiffs' motion to amend the complaint, Defendants' objection, the Magistrate Judge's order, and the arguments on appeal, this Court cannot conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Defendants argue that the Magistrate Judge incorrectly applied the law because he did not "more carefully scrutinize" a motion to amend once a motion for summary judgment had been filed. Record Document 60. However, the Court disagrees with Defendants that the Magistrate Judge applied the wrong standard of law by not closely scrutinizing the facts of the case. In fact, the Magistrate Judge properly

addressed and closely scrutinized the four factors in examining whether "good cause" existed to amend the complaint. *See* Record Document 57. The fact that a motion for summary judgment had been filed does not *ipso facto* mean that the motion to amend should be denied. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 n.2 (5th Cir. 1994) (citing *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984)). Thus, considering the Magistrate Judge's analysis and the broad discretion afforded to him in resolving non-dispositive matters, the Magistrate Judge's order is **AFFIRMED**.

## II. Defendants' Motion for Summary Judgment

Also before the Court is a Motion for Summary Judgment [Record Document 40], filed by Defendants. Considering the above resolution of Plaintiffs' motion to amend, Plaintiffs' need to depose Defendants' expert witness in order to oppose the Motion for Summary Judgment, and the need for a new scheduling order, Defendants' Motion for Summary Judgment is **DENIED without prejudice to the right to refiling**. This matter is **REFERRED** to the Magistrate Judge for a scheduling conference and the entry of a new scheduling order.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Magistrate Judge's order regarding Plaintiffs' motion to amend is **AFFIRMED** and Defendants' Motion for Summary Judgment is **DENIED without prejudice to the right to refiling**. **IT IS FURTHER ORDERED** that this matter is **REFERRED** to the Magistrate Judge for a scheduling conference and the entry of a new scheduling order.

**THUS DONE AND SIGNED** this 11th day of March, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE